1 **TERENCE J. CASSIDY, SBN 099180**
**JOHN R. WHITEFLEET, SBN 213301**
2 **PORTER, SCOTT, WEIBERG & DELEHANT**
350 University Avenue, Suite 200
3 Sacramento, CA 95825
Telephone: (916) 929-1481
4 Facsimile: (916) 927-3706

5 **FREDERICK G. SOLEY, SBN 100270**
City Attorney
6 **ALESIA JONES-MARTIN, SBN 154420**
Assistant City Attorney
7 **CITY OF VALLEJO**
555 Santa Clara Street
8 P.O. Box 3068
Vallejo, CA 94590-5934
9 Telephone: (707) 648-4545
Facsimile: (707) 648-4687

10
ATTORNEYS FOR Defendants CITY OF VALLEJO, VALLEJO POLICE
11 DEPARTMENT, THOMAS LIDDICOET, KEVIN MCCARTHY, KELLY SCHROEDER,
WILLIAM CLARK and JOHN WHITNEY
12

13 **UNITED STATES DISTRICT COURT**

14 **EASTERN DISTRICT OF CALIFORNIA**

15

16 LATEACHEEAH G. ANDERSON          Case No.: CIV S-04-0163 WBS GGH
SALVATTO, RICHARD SALVATTO, and
17 JAMAL THROWER,

18         Plaintiffs,          **DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT, OR IN THE**
19 vs.          **ALTERNATIVE, SUMMARY**
**ADJUDICATION; MEMORANDUM**
20 COUNTY OF SOLANO, CITY OF          **OF POINTS AND AUTHORITIES IN**
VALLEJO, COUNTY OF SOLANO          **SUPPORT THEREOF**
21 SHERIFF'S DEPARTMENT,
LIEUTENANT LIDDICOET, OFFICER K.
22 MCCARTHY, VALLEJO POLICE          **DATE:**      December 12, 2005
DEPARTMENT, WATCH COMMANDER          **TIME:**      1:30 p.m.
23 K. SCHROEDER, CORPORAL B. CLARK,          **CTRM:**      5
OFFICER WHITNEY,          **JUDGE:**      Honorable William B. Shubb
24
         Defendants.
25 _____/

26

27 / / /

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

28 / / /

# TABLE OF CONTENTS

I.      INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The Plaintiffs' Relationships . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.      Detention of Plaintiff JAMAL THROWER  . . . . . . . . . . . . . . . . . . . . . . 2

        C.      Plaintiff LATEACHEEAH SALVATTO is escorted from the police
                station lobby . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        D.      Plaintiff's subsequent encounter with Defendant Whitney . . . . . . . . . . . . 4

        E.      Plaintiff returns to the VPD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        F.      Arrest of Plaintiff LATEACHEEAH SALVATTO  . . . . . . . . . . . . . . . . . . 5

        G.      Impound of vehicle parked in front of VPD  . . . . . . . . . . . . . . . . . . . . . 6

        H.      Contrary to the allegations of the Complaint, Plaintiff
                LATEACHEEAH SALVATTO's foot was actually surgically
                broken prior to the incident  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.    LEGAL STANDARD FOR SUMMARY JUDGMENT/
        SUMMARY ADJUDICATION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/
        ADJUDICATION AS TO ALL FEDERAL CLAIMS BECAUSE
        THE COURT LACKS JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.      DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/
        SUMMARY ADJUDICATION AS TO THE CAUSES OF ACTION
        ASSERTED BY PLAINTIFF JAMAL THROWER FOR ALLEGED
        VIOLATION OF THE FOURTH  AMENDMENT PURSUANT
        TO 42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      Traffic stop of Plaintiff Jamal Thrower did not violate the Fourth
                Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
1.
        B.      The Subsequent Detention of Plaintiff Thrower did not violate the
                Fourth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/
        SUMMARY ADJUDICATION AS TO THE CAUSES OF ACTION
        ASSERTED BY PLAINTIFF LATEACHEEAH SALVATTO FOR
        ALLEGED VIOLATION OF THE FOURTH AMENDMENT
        PURSUANT TO 42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        A.      The removal of Plaintiff from the lobby did not violate the
                Fourth Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        B.      Defendants were not the legal cause of Plaintiff
                LATEACHEEAH SALVATTO's claimed injuries  . . . . . . . . . . . . . . . . 13

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1

2

C.    Plaintiff LATEACHEEAH SALVATTO's Arrest did not violated
the Fourth Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3

D.    The Impound of Plaintiff LATEACHEEAH SALVATTO's vehicle
does not violate the Fourth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4

5

6

VII    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/
SUMMARY ADJUDICATION AS TO THE CAUSES OF ACTION
ASSERTED BY PLAINTIFFS FOR ALLEGED VIOLATION
OF THE FOURTEENTH AMENDMENT PURSUANT
TO 42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7

8

A.    Plaintiffs fail to show Defendants actions were intentionally
discriminatory  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

9

10

B.    Plaintiffs cannot prove a violation of Equal Protection for
alleged denial of Access to a Government Building to
Address Their Grievances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

11

12

VIII.    INDIVIDUAL OFFICER DEFENDANTS ARE ENTITLED TO
QUALIFIED IMMUNITY FOR THE CLAIMS UNDER THE
FOURTH AND FOURTEENTH AMENDMENTS  . . . . . . . . . . . . . . . . . . . . . . 18

13

A.    Applicable Legal Standard  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

14

15

B.    Applying the legal standard, the individual Officer Defendants are
entitled to qualified immunity because there is no constitutional
violation and/or the law was not clearly established . . . . . . . . . . . . . . . . 20

16

17

IX.    DEFENDANTS CITY OF VALLEJO AND VALLEJO POLICE
DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT  . . . . . . . . . 22

18

X.    ASSUMING ALL FEDERAL CAUSES OF ACTION ARE
DISMISSED, THIS COURT SHOULD DECLINE TO
EXERCISE SUPPLEMENTAL JURISDICTION  . . . . . . . . . . . . . . . . . . . . . . 24

19

20

XI.    PLAINTIFF FAILS TO STATE A CLAIM PURSUANT
TO STATE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

21

22

A.    Any state-based claims of Plaintiffs are barred for failure to
adhere to the Government Tort Claims Act . . . . . . . . . . . . . . . . . . . . . . . 24

23

B.    Defendants Are Immune under State Law . . . . . . . . . . . . . . . . . . . . . . . 25

C.    Where a public officer is immune, so is the municipality.  . . . . . . . . . . . 25

24

XII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

25

26

27

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

| 1 | **TABLE OF AUTHORITIES** |
|---|---|

**Federal Cases**

Acri v. Varian Assocs., 114 F.3d 999 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 9

Al-Furqan v. City of San Leandro, 1996 U.S. Dist. LEXIS 5635 (N.D. CA. 1996) . . . . 16

Anderson v. Creighton, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912  (9th Cir. 2001) . . . . . . . 8, 17

Atwater v. City of Lago Vista, 532 U.S. 318 (2001) . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

Bingham v. City of Manhattan Beach, 341 F.3d 939 (9th Cir. 2002) . . . . . . . . . . . . . . . 14

Brosseau v. Haugen, 125 S. Ct. 596 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Chapman v Houston Welfare Rights Organization, 441 U.S. 600 (1979) . . . . . . . . . . . . 8

City of Los Angeles v. Heller, 475 U.S. 796 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Colorado v. Bertine, 479 U.S. 367 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Dixon v. Richer, 922 F.2d 1456 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 22

Doe v. Klein, 599 F.2d 338 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465 (9th Cir. 1991) . . . . . . . . . . . . 17

Fuller v. M.G. Jewelry, 950 F.2d 1437 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 17, 18

Gibson v. U.S., 781 F.2d 1334 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gomez v. Whitney, 757 F.2d 1005 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Graham v. Connor, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 19

Gross v. Pirtle, 245 F.3d 1151 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 22

Harlow v. Fitzgerald, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Higbee v. San Diego, 911 F.2d 377  (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Homan v. Scaccianoce, 1994 U.S. Dist. LEXIS 8534 (N.D. Ill. 1994) . . . . . . . . . . 12, 13

Hope v. Pelzer, 536 U.S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Illinois v. Gates, 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

County of Sacramento v. Lewis, 523 U.S. 833 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Malley v. Briggs, 475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Mellott v. Heemer, 161 F.3d 117 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 22

Monell v. Department of Social Servs., 436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . 23, 24

Pacific Fruit Express Co. v. Akron, Canton & Youngstown R.R. Co.,
       524 F.2d 1025 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Price v. County of San Diego, 990 F. Supp. 1230 (S.D. CA. 1998) . . . . . . . . . . . . . . 24

Robinson v. Solano County, 278 F.3d. 1007 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 20

Rose v. Loos, 130 Fed. Appx. 78 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

S.E.C. v. Seaboard Corp., 677 F.2d 1301 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 7

Saucier v. Katz, 533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18, 19, 20

Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 22

Sioux City Bridge Co. v. Dakota County, Neb., 260 U.S. 441 (1923) . . . . . . . . . . . . . 16

South Dakota v. Opperman, 428 U.S. 364 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Buckner, 179 F.3d 834 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 9, 13

United States v. Penn, 233 F.3d 1111 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Washington v. Davis, 426 U.S. 229 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Whren v. United States, 517 U.S. 806 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Federal Statutes**

28 U.S.C. section 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. sections 1971, 1975a--1975d, 2000a--2000h-6 . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Rules**

Eastern District Local Rule 56-260 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 56(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Civil Procedure 56(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
(916) 929-1481
SACRAMENTO, CA 95865
www.pswdlaw.com

1   Federal Rule of Civil Procedure 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2   Federal Rule of Civil Procedure 56(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3   **State Cases**

4   In re Cox, 3 Cal. 3d 205 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5   People v. Green, 51 Cal. App. 4th 1433 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

6   People v. Hart, 74 Cal. App. 4th 479 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7   People v. McKay, 27 Cal. 4th 601 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8   People v. Monroe, 12 Cal. App. 4th 1174 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9   People v. Quiroga 16 Cal. App. 4th 961 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

10  People v. Ramey, 16 Cal. 3d 263 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

11  People v. Steeley, 210 Cal. App. 3d 887 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

12  People v. Superior Court of Los Angeles, 7 Cal. 3d 186 (1972) . . . . . . . . . . . . . . . . 9

13  Romano v. Rockwell Intl. Inc., 14 Cal.4th 479 (1996) . . . . . . . . . . . . . . . . . . . . . . . 24

14  **State Statutes**

15  California Civil Code section 815.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16  California Government Code section 815.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17  California Government Code section 820.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

18  California Government Code section 820.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

19  California Government Code section 821.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

20  California Penal Code section 69 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

21  California Penal Code section  148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

22  California Penal Code 602(o) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

23  Penal Code 602.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

24  California Vehicle Code section 21235(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

25  California Vehicle Code section 21235(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3 , 10

26  California Vehicle Code section 21650.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

27  California Vehicle Code Section 22651(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 21

28  California Welfare & Institutions Code section 625 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1

California Vehicle Code section 40302(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

2

California Welfare and Institutions Code Section 626 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

1  Defendants CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, THOMAS

2  LIDDICOET, KEVIN MCCARTHY, KELLY SCHROEDER, WILLIAM CLARK and JOHN

3  WHITNEY(collectively "Defendants"), pursuant to Federal Rules of Civil Procedure Rule 56 and

4  Eastern District Local Rule 56-260, hereby move for summary judgment or in the alternative,

5  summary adjudication, and submit the following memorandum of points and authorities in support

6  thereof.

7  **I.**

8  **INTRODUCTION**

9  This case arises out then-minor Plaintiff JAMAL THROWER driving a scooter on a sidewalk

10  on Sunday, January 5, 2003, whereby Plaintiff was initially taken to the police station, but then cited

11  and released.  Plaintiff LATEACHEEAH G. ANDERSON SALVATTO became upset over the

12  detention, and went down the police station to complain.   While the public lobby was closed,

13  officers attempted to address her complaint in the lobby, and gave her numerous opportunities to fill

14  out a citizen's complaint form.  After becoming hostile, she was escorted out of the lobby.  Plaintiff

15  LATEACHEEAH G. ANDERSON SALVATTO was not satisfied, and repeatedly called dispatch

16  through the courtesy phone, disturbing operations.  In short, she was ordered three separate times to

17  leave the premises, but she ultimately refused to do so.  As a result, she was arrested, and her vehicle,

18  parked in front of the police station, was towed.

19  The Complaint of Plaintiffs LATEACHEEAH G. ANDERSON SALVATTO and JAMAL

20  THROWER alleges federal claims for the (1)  the detention and citation of Plaintiff JAMAL

21  THROWER for driving a scooter on a sidewalk; (2) the physical escorting of Plaintiff

22  LATEACHEEAH G. ANDERSON SALVATTO from the police station lobby; (3)  the arrest of

23  Plaintiff LATEACHEEAH SALVATTO; and (4) the impound of her vehicle contemporaneous with

24  her arrest, ostensibly pursuant to 42 U.S.C. §1983 for violations of the First, Fourth and Fourteenth

25  Amendments, as well as supplemental state law claims for false arrest, assault and battery, "abuse

26  of process," and negligence.  Plaintiff RICHARD SALVATTO asserts a single state law cause of

27  action for loss of consortium.   The Defendants move for summary judgment, or in the alternative,

28  summary adjudication.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT
00392400.WPD                                    1

## II.

## STATEMENT OF FACTS

**A.    The Plaintiffs' Relationships**

Plaintiffs LATEACHEEAH G. ANDERSON SALVATTO and RICHARD SALVATTO are married.  At the time of the incident, Plaintiff JAMAL THROWER, a minor,[1] was living voluntarily with the Salvattos.  (Statement of Undisputed Material Facts, hereinafter "UMF," 1).  Contrary to allegations of the Complaint (Complaint ¶ 10), Plaintiff THROWER is not, nor ever was, the foster child of Plaintiffs LATEACHEEAH SALVATTO or RICHARD SALVATTO.  (UMF 2).  Instead, Plaintiffs LATEACHEEAH and RICHARD SALVATTO cared for then-minor Plaintiff THROWER as a favor to Plaintiff THROWER's mother.  (UMF 3).

**B.    Detention of Plaintiff JAMAL THROWER**

January 5, 2003 was a Sunday.  In the afternoon of January 5, 2003, Plaintiff JAMAL THROWER was operating a motorized scooter on the sidewalk of Tennessee Street, in Vallejo, California. (UMF 4).  Defendant Officer JOHN WHITNEY observed Plaintiff THROWER driving on the sidewalk of Tennessee Street, in violation of California Vehicle Code Section 21235(g), driving on a sidewalk on a motorized scooter.  (UMF 5).  Defendant WHITNEY stopped Plaintiff THROWER. (UMF 6).  Plaintiff THROWER had no driver's license, and was not carrying any form of identification on his person.  (UMF 7).

When Defendant WHITNEY asked Plaintiff THROWER for his name, Plaintiff THROWER appeared to have trouble remembering his name.  (UMF 8).  Defendant WHITNEY asked Plaintiff THROWER for identification, to which Plaintiff THROWER could not produce a driver's license or any form of identification. (UMF 9).  Defendant WHITNEY considered this a violation of Vehicle Code § 40302(a), "failure to present satisfactory identification." (UMF 10).  Defendant WHITNEY placed Plaintiff THROWER in handcuffs and transported him back to the Vallejo Police Station. (UMF 11).   Plaintiff THROWER was not under arrest.  (UMF 12).

Once at the police station, it was decided to accept Plaintiff THROWER's representations

---

[1]Plaintiff JAMAL THROWER became of legal age (18) on May 23, 2004.  Thus, at the time of the incident on January 5, 2003, he was still a minor.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

1    about his identity, and thus would be cited and released. (UMF 13).  Plaintiff THROWER was not

2    booked, photographed or fingerprinted. (UMF 14).  Plaintiff THROWER was at the police station

3    for less than an hour. (UMF 15).  At 1551 hours, Plaintiff THROWER was cited for violation of

4    California Vehicle Code Section 21235(g), driving on a sidewalk on a motorized scooter and released

5    from the VPD. (UMF 16).

6    **C.      Plaintiff LATEACHEEAH SALVATTO is escorted from the police station lobby**

7            After being released from the VPD, Plaintiff THROWER proceeded immediately to the

8    Salvattos'. (UMF 17).  Plaintiff LATEACHEEAH SALVATTO was told by Thrower that he was

9    riding his scooter on the sidewalk, taken down to the police station, fingerprinted, photographed him,

10   and not allowed to call home. (UMF 18).  Plaintiff LATEACHEEAH SALVATTO decided to go

11   to the Vallejo Police Department ("VPD"). (UMF 19).  Because it was Sunday, the lobby of the

12   VPD was closed. (UMF 20).  There is a courtesy phone outside which is answered by dispatch.

13   (UMF 21).

14           Plaintiff LATEACHEEAH SALVATTO used the courtesy phone to complain that the arrest

15   of Thrower was illegal. (UMF 22).  The dispatch contacted Officer Whitney, who was out on patrol,

16   and told Plaintiff LATEACHEEAH SALVATTO that Officer Whitney was on his way. (UMF 23).

17   While waiting during the following fifteen to twenty minutes, Plaintiff LATEACHEEAH

18   SALVATTO called dispatch via the courtesy phone approximately six different times, repeatedly

19   demanding entry into the lobby. (UMF 24).

20           As Plaintiff LATEACHEEAH SALVATTO was interfering with operations of dispatch for

21   a non-emergency, Defendants Lt. LIDDICOET and Officer KEVIN MCCARTHY responded.

22   (UMF 25).  Defendant Lt. LIDDICOET unlocked the lobby doors and made contact with Plaintiff

23   LATEACHEEAH SALVATTO inside the lobby. (UMF 26).        Defendant Lt. LIDDICOET told

24   Plaintiff LATEACHEEAH SALVATTO that her repeated calls to dispatch were disturbing

25   operations, and told her to cease. (UMF 27).  Plaintiff LATEACHEEAH SALVATTO was told the

26   lobby was closed, and to return when the lobby was open. (UMF 28).   Instead, Plaintiff

27   LATEACHEEAH G. ANDERSON SALVATTO represented that she was the parent of Plaintiff

28   THROWER. (UMF 29).  Plaintiff LATEACHEEAH SALVATTO demanded to know why Thrower

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT
00392400.WPD
3

1  was illegally arrested and issued a citation. (UMF 30).  Defendant LIDDICOET explained to Plaintiff

2  LATEACHEEAH G. ANDERSON SALVATTO about the citizen complaint procedure, and offered

3  her a complaint form. (UMF 31).  Plaintiff LATEACHEEAH G. ANDERSON SALVATTO was not

4  satisfied with the complaint form or process, and refused to take or fill out the complaint form.

5  Plaintiff LATEACHEEAH G. ANDERSON SALVATTO became hostile, belligerent and rude.

6  (UMF 31, 32).  Once it became clear to Defendant LIDDICOET that Plaintiff LATEACHEEAH G.

7  ANDERSON SALVATTO was becoming hostile, and was not otherwise satisfied with the normal

8  procedure for citizen complaints, Plaintiff LATEACHEEAH G. ANDERSON SALVATTO was

9  asked several times to leave the lobby of the Vallejo Police Department.  (UMF 33).  Plaintiff

10  LATEACHEEAH G. ANDERSON SALVATTO failed or refused to leave the lobby.  (UMF 34).

11  Plaintiff LATEACHEEAH G. ANDERSON SALVATTO was then ordered to leave or be

12  arrested for trespassing.  (UMF 35).  Plaintiff LATEACHEEAH SALVATTO failed or refused to

13  comply with the order.  (UMF 36).  Officer MCCARTHY, having observed this exchange, the order

14  to leave and Plaintiff LATEACHEEAH G. ANDERSON SALVATTO's failure or refusal to comply,

15  placed his hand or hands on the upper arm or arms of Plaintiff LATEACHEEAH SALVATTO and

16  physically escorted her outside the lobby doors.  (UMF 37).

17  **D.     Plaintiff's subsequent encounter with Defendant Whitney**

18  Almost immediately after Plaintiff LATEACHEEAH SALVATTO was escorted outside,

19  Defendant Officer Whitney arrived at the VPD, where he attempted to engage her in conversation.

20  (UMF 38).   Plaintiff LATEACHEEAH SALVATTO again represented she was Thrower's parent

21  and questioned the circumstances surrounding the traffic stop.   (UMF 39).   Plaintiff

22  LATEACHEEAH SALVATTO did not complain of any injuries, nor sought to file a complaint.

23  (UMF 40).   As Plaintiff LATEACHEEAH SALVATTO did not appear satisfied by Defendant

24  Whitney's attempt to explain that he had probable cause for the arrest, Defendants terminated the

25  conversation.  (UMF 41).  Plaintiff LATEACHEEAH SALVATTO went home.  (UMF 42).

26  **E.     Plaintiff returns to the VPD.**

27  Once at home, Plaintiffs LATEACHEEAH and RICHARD SALVATTO contacted Defendant

28  Liddicoet to complain that Officer McCarthy assaulted her.  (UMF 43).  Defendant Liddicoet again

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

1 explained the citizen complaint procedure and offered to send a form to her via U.S. mail. (UMF 44).

2 This offer was refused; instead, Plaintiff LATEACHEEAH SALVATTO insisted on returning to the

3 VPD that night. (UMF 45).

4       At around 7:15 p.m. Plaintiff LATEACHEEAH SALVATTO was once again at the Vallejo

5 Police Department. (UMF 46). Plaintiff LATEACHEEAH SALVATTO used the courtesy dispatch

6 phone and told dispatch that she was there to fill out a report. (UMF 47). Defendant SCHROEDER,

7 who took over Watch Commander duties at approximately 7:00 pm from Defendant LIDDICOET,

8 spoke with Plaintiff LATEACHEEAH SALVATTO for approximately twenty minutes. (UMF 48).

9 Sgt. Schroeder attempted to explain that no probable cause existed to take a crime report for assault

10 by Officer McCarthy when she was escorted out of the lobby after refusing to leave. (UMF 49).

11       Sgt. Schroeder explained the citizen complaint procedure to her and offered her a citizen's

12 complaint form. (UMF 50). Plaintiff LATEACHEEAH SALVATTO refused to take the form.

13 (UMF 51). Plaintiff LATEACHEEAH SALVATTO did not appear satisfied, and turned hostile and

14 belligerent. (UMF 52). Defendant SCHROEDER terminated the conversation and asked, then

15 ordered, Plaintiff LATEACHEEAH SALVATTO to leave the property or be subject to arrest.

16 (UMF 53).

17 **F.      Arrest of Plaintiff LATEACHEEAH SALVATTO**

18       Despite the order to leave the premises, Plaintiff LATEACHEEAH SALVATTO continued

19 to loiter in front of the VPD building. (UMF 54). Sgt. Clark was assigned to investigate and attempt

20 to persuade Plaintiff LATEACHEEAH SALVATTO to leave the premises. (UMF 55). Sgt Clark

21 learned that Plaintiff LATEACHEEAH SALVATTO had repeatedly called VPD Dispatch from the

22 police courtesy telephone outside of the building at the main entrance, demanding immediate attention

23 to her complaints. (UMF 56). Dispatcher Raymos estimated that Plaintiff LATEACHEEAH

24 SALVATTO called at least sixteen (16) times during a one-hour period. (UMF 57). Dispatcher

25 Barden estimated she also handled five or six phone calls within a fifteen minute time period.

26 (UMF 58). Dispatchers Raymos and Barden were very busy with calls for police/fire services, general

27 phone contacts, radio traffic, as well as computer problems. (UMF 59). Plaintiff LATEACHEEAH

28 SALVATTO, by her repeated use of the courtesy phone was disturbing dispatch in the operations.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1   (UMF 60).  At one point,  Plaintiff LATEACHEEAH SALVATTO asked to speak to the Chief of

2   Police.  (UMF 61).

3        Defendant CLARK and Officer Huff made contact with Plaintiff LATEACHEEAH

4   SALVATTO outside the VPD.   (UMF 62).    Defendant CLARK explained to Plaintiff

5   LATEACHEEAH G. ANDERSON SALVATTO that by repeatedly calling dispatch, she was

6   interfering with dispatch in their abilities to provide police services, and that she needed to stop doing

7   so. (UMF 63) Defendant CLARK further explained to Plaintiff LATEACHEEAH G. ANDERSON

8   SALVATTO that she had already been assisted by two Watch Commanders, and told to leave the

9   premises twice before.  (UMF 64).  Defendant CLARK again told her that if she refused to leave, that

10  she would be arrested.  (UMF 65).  Plaintiff LATEACHEEAH SALVATTO failed or refused to

11  leave.  (UMF 66).  At one point, Plaintiff LATEACHEEAH SALVATTO said, "You better just take

12  me to jail."  (UMF 67).  Defendant CLARK gave her one last opportunity to leave, but she failed or

13  refused to do so.  (UMF 68)  Officer Huff placed her under arrest and took her inside for booking.

14  (UMF 69).

15  **G.    Impound of vehicle parked in front of VPD**

16        The vehicle of Plaintiff LATEACHEEAH SALVATTO was parked in front of the VPD.

17  (UMF 70).  Contemporaneous with her arrest, the vehicle of Plaintiff LATEACHEEAH SALVATTO

18  was impounded.  (UMF 71).

19  **H.    Contrary to the allegations of the Complaint, Plaintiff LATEACHEEAH SALVATTO's**

20  **foot was actually surgically broken prior to the incident**

21        Plaintiff LATEACHEEAH SALVATTO alleged that her foot was broken as a result of the

22  "assault" by Officer McCarthy.  (Complaint, ¶ 21; UMF 72).  In truth, Dr. Aaron Meltzer, Plaintiff

23  LATEACHEEAH SALVATTO's podiatrist, medically broke her foot prior to the incident.

24  (UMF 73).  Plaintiff LATEACHEEAH SALVATTO's broken foot had not healed at the time of the

25  incident. (UMF 74).  Dr. Meltzer had also requested approval for surgery on her broken foot prior to

26  the incident. (UMF 75).  In examining Plaintiff LATEACHEEAH SALVATTO on January 6, 2003,

27  Dr. Meltzer could find no injury to her foot which could not otherwise be attributable to her prior

28  broken foot, including some mild swelling.  (UMF 76).

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT
00392400.WPD                                      6

### III.
### LEGAL STANDARD FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

Summary judgment eliminates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56c.  The Court may grant summary adjudication on a particular claim, defense, or issue under the same standards used to consider a summary judgment motion.  See Fed. R. Civ. P. 56(a), (b); Pacific Fruit Express Co. v. Akron, Canton & Youngstown R.R. Co., 524 F.2d 1025, 1029-30 (9th Cir. 1975).  In filing their Motion, the moving party is not required to present any evidence on matters in which opposing counsel has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  With respect to claims for which the opposing counsel bears the ultimate burden of proof, the moving parties' burden is met by demonstrating the absence of evidence required to support the opposing party's claim.  Id.

In order to avoid summary judgment, an adverse party may not rest upon the mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. Pro. 56(e).   The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law and that the dispute is genuine, or that the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. See Celotex, 477 U.S. at 324; S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  When the nonmoving party fails to make a sufficient showing on an essential material element of her case with respect to which she has the burden of proof, the moving party is entitled to a judgment as a matter of law.  Celotex, 477 U.S. at 323.

### IV.
### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/ADJUDICATION AS TO ALL FEDERAL CLAIMS BECAUSE THE COURT LACKS JURISDICTION

A litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution, but must utilize 42 U.S.C. § 1983.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); Azul-Pacifico Inc. v. City of Los Angeles,

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1  973 F.2d 704, 705 (9th Cir. 1992).  When 42 U.S.C. § 1983 is not properly invoked, the court cannot

2  be said to have satisfied the jurisdictional requirements of 28 U.S.C. § 1343(a)(3).  See Chapman v

3  Houston Welfare Rights Organization 441 US 600, 615-620 (1979); see also e.g. Doe v. Klein, 599

4  F.2d 338 (9th Cir. 1979).

5       Here, Plaintiffs attempt to assert direct violations of their "civil rights," apparently pursuant

6  to the "Civil Rights Act of 1965."[2]  (Complaint, ¶ 9).  Clearly, as no such Act exists, no rights may

7  asserted thereunder.  Equally important, nowhere do Plaintiffs expressly assert 42 U.S.C. 1983 as the

8  basis for their claims.   Therefore, because the pleadings fail to assert a proper basis for any remedy,

9  this court lacks jurisdiction.  Therefore, Defendants are entitled to summary judgment/adjudication

10  of all federal claims, and the matter should be dismissed.

11                                              **V.**

12  **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/SUMMARY**
    **ADJUDICATION AS TO THE CAUSES OF ACTION ASSERTED BY PLAINTIFF**
13  **JAMAL THROWER FOR ALLEGED VIOLATION OF THE FOURTH**
    **AMENDMENT PURSUANT TO 42 U.S.C. §1983**[3]

14

15       The First and Fourth Causes of Action assert Defendants arrested and detained Plaintiff

16  JAMAL THROWER in violation of the Fourth Amendment, ostensibly pursuant to 42 U.S.C. Section

17  1983.  (Complaint ¶¶39-49, 67-72).  To establish a claim under 42 U.S.C. Section 1983, Plaintiffs

18  must demonstrate that the individual officer Defendants, acting under color of state law, deprived him

19  of rights secured by the constitution or Federal statute.  Gibson v. U.S., 781 F.2d 1334, 1338 (9th Cir.

20  1986).  There is no dispute that the individual officer Defendants were at all times acting under color

21  of state law.  The question turns on whether probable cause existed for the initial traffic stop as well

22  as subsequent detention and/or arrest of Plaintiff THROWER.

23

24       [2]Moreover, the Civil Rights Act of 1964 is codified in 28 U.S.C. Section 1447,  42 U.S.C.
25  Sections 1971, 1975a--1975d, 2000a--2000h-6.  In other words, 42 U.S.C. Section 1983 was never
    part of the Civil Rights Act of 1964.  Instead, 42 U.S.C. Section 1983 is rooted in the Civil Rights
26  Act 1871, and amended by the Civil Rights Act of 1991.

27       [3]Assuming, *arguendo*, the Court does not dismiss all federal claims for failure to properly
28  assert the basis for this Court's jurisdiction, Defendants presume for the remainder of the motion that
    the federal claims are being asserted pursuant to 42 U.S.C. Section 1983.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**A.      Traffic stop of Plaintiff Jamal Thrower did not violate the Fourth Amendment**

Where an officer has probable cause to believe that a traffic violation had occurred, a seizure is reasonable.  Whren v. United States, 517 U.S. 806, 810 (1996).  Probable cause is a practical, common sense decision requiring a reasonable belief evaluated in light of the officers' experience and a practical consideration of every day life.  Illinois v. Gates, 462 U.S. 213, 231 (1983).  Whether a reasonable officer could have believed probable cause existed is "an essentially legal question" that should be determined by the District Court at the earliest possible point in the litigation.  Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993).  "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime."  United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999).  California Vehicle Code 21235 (g), states, in pertinent part, that the operator of a motorized scooter shall not "operate a motorized scooter upon a sidewalk, except as may be necessary to enter or leave adjacent property."

Here, it is undisputed Plaintiff JAMAL THROWER was driving continuously on the sidewalk on a scooter along Tennessee Street.  (UMF 4-5).  It is also undisputed Defendant WHITNEY observed this illegal conduct.  (UMF 5)  Therefore, Defendant WHITNEY had probable cause to believe Plaintiff JAMAL THROWER violated California Vehicle Code 21235 (g).  Accordingly, the traffic stop of Plaintiff JAMAL THROWER did not violate the Fourth Amendment. Based thereon, Defendants' motion for summary judgment/adjudication should be granted.

**B.      The Subsequent Detention of Plaintiff Thrower did not violate the Fourth Amendment.**

The United States Supreme Court has ruled that a "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (recognizing that such an arrest would be lawful even if it appeared to be harassing in nature).   Moreover, there is no Constitutional right to have a citation issued in the field.  Higbee v. San Diego, 911 F.2d 377, 379 (9th Cir. 1990).

When a person is subject to arrest for violation of the California Vehicle Code, the person must produce satisfactory evidence of his identity.  People v. Superior Court of Los Angeles, 7 Cal.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

Defendants' Motion for Summary Judgment/ Summary Adjudication; Memorandum in Support
00392400.WPD                                              9

1  3d 186, 199-202 (1972); <u>People v. Hart</u>, 74 Cal. App. 4th 479, 488 (1999); <u>People v. Monroe</u>, 12 Cal.

2  App. 4th 1174 (1993).  An offender may avoid a custodial arrest by presenting a driver's license or

3  other satisfactory evidence of his identity.  <u>People v. McKay</u>, 27 Cal. 4th 601, 620 (2002).  In <u>McKay</u>,

4  an officer  made a traffic stop of a minor for violation of Cal. Veh. Code § 21650.1, which prohibits

5  riding a bicycle in the wrong direction on a residential street.  <u>Id</u>. at 606.   Upon asking for

6  identification, the minor could produce none, and the officer arrested the minor for violation of Cal.

7  Veh. Code § 21650.1 and 40302(a).  <u>Id</u>.  The California Supreme Court found no Fourth Amendment

8  violation, because the officer had probable cause of the Vehicle Code violations.  <u>Id</u>. at 625.

9       Here, after lawfully stopping Plaintiff JAMAL THROWER, it was discovered he had no

10  driver's license.  (UMF 7-10).  Therefore, in addition to driving on the sidewalk in violation of

11  California Vehicle Code 21235(g), Plaintiff THROWER was also in violation of  California Vehicle

12  Code 21235(d), which prohibits the operation of a motorized scooter without a valid driver's license

13  or instruction permit.

14       Moreover, Plaintiff JAMAL THROWER could not produce identification to the satisfaction

15  of the officer, pursuant to California Vehicle Code 40302(a).  (UMF 7-10).  Therefore, Defendant

16  WHITNEY had probable cause to detain Plaintiff JAMAL THROWER for violations of Vehicle

17  Code Sections ` & (g), as well as §40302(a) had occurred.[4]

18       Moreover, Plaintiff THROWER was not under arrest, nor was Plaintiff THROWER

19  fingerprinted, photographed or booked.  Plaintiff THROWER spent less than an hour at the VPD, and

20  was cited and released.  Accordingly, the subsequent detention after the traffic stop of Plaintiff

21  THROWER was reasonable under the circumstances, and supported by probable cause.  Therefore,

22  the detention/arrest of Plaintiff THROWER does not violate the Fourth Amendment, and Defendants'

23  Motion for Summary Judgment/Adjudication should be granted.

24

25

26       [4]Additionally, a peace officer may take a minor into temporary custody without a warrant
   where the officer has reasonable cause to believe the minor has violated a law. California Welfare &
27  Institutions Code Section 625.  Moreover, an officer who takes a minor into temporary custody may
   release the minor.  Welfare and Institutions Code Section 626

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

28

**VI.**

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/SUMMARY
ADJUDICATION AS TO THE CAUSES OF ACTION ASSERTED BY PLAINTIFF
LATEACHEEAH SALVATTO FOR ALLEGED VIOLATION OF THE FOURTH
AMENDMENT PURSUANT TO 42 U.S.C. §1983**

**A.      The removal of Plaintiff from the lobby did not violate the Fourth Amendment**

The First Cause of Action alleges that Defendants exercised excessive force by removing Plaintiff LATEACHEEAH SALVATTO from the VPD lobby in violation of the Fourth Amendment, ostensibly pursuant to 42 U.S.C. Section 1983.  (Complaint ¶¶ 39-49).  Defendants assert that the undisputed facts, together with the lack of injury, entitle Defendants to summary judgment/adjudication.

Claims that law enforcement officers have used excessive force are analyzed under the Fourth Amendment and its "reasonableness" standard.  Graham v. Connor, 490 U.S. 386, 395 (1989).  Summary judgment is appropriate if the District Court concludes, after resolving all factual disputes, in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.  Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994).  Whether force was reasonable "must be judged from the perspective of a reasonable officer on the scene" from the facts known to the officers at the time.  Graham, 490 U.S. at 396.  "Not every push or shove, even if it may later seem unnecessary...violates the Fourth Amendment."  Graham, 490 U.S. at 396.  "Pushes and shoves, like other police conduct, must be judged under the Fourth Amendment standard of reasonableness."  Saucier v. Katz, 533 U.S. 194, 209 (2001).

In that regard, physically escorting an individual off property may not be viewed as violating the Fourth Amendment.  See Mellott v. Heemer, 161 F.3d 117, 123 (3d Cir. 1998) (marshal's physical escort of plaintiff at gunpoint off property was not excessive force under the Fourth Amendment).[5]  Moreover, what may appear as a kick to a citizen in the course of reasonably carrying out an officer's

---

[5]See also Homan v. Scaccianoce, 1994 U.S. Dist. LEXIS 8534, 23-24 (N.D. Ill. 1994) (no Fourth Amendment violation for physically escorting plaintiff to the fingerprinting table for the purposes of completing the booking process, despite her claim her arm was grasped too tightly, and the fact that her leg was bumped against the furniture in the process).

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1  duties does not violate the Fourth Amendment.  See <u>Dixon v. Richer</u>, 922 F.2d 1456, 1462 (10th Cir.

2  1991) (what the plaintiff perceived as a malicious kick was actually a reasonable act designed to

3  position an arrestee for a pat down); <u>Gross v. Pirtle</u>, 245 F.3d 1151, 1158 (10th Cir. 2001) (rejecting

4  appellant's claim that officer kicked his foot "very hard" which occurred during course of arrest

5  because such did not contravene the Fourth Amendment's reasonableness standard).

6       Here, at the time Plaintiff LATEACHEEAH SALVATTO was physically escorted from the

7  lobby, Defendants LIDDICOET had requested, then ordered, her to cease disturbing dispatch, and

8  leave the lobby, which was closed to the public at the time.  (UMF 24-36).   When Plaintiff

9  LATEACHEEAH SALVATTO failed or refused to comply, in violation of Penal Code 602(o)

10  (trespass), 602.1(b) (interfering with a public agency),  69 (obstruction), 148 (willful disobedience),

11  and City of Vallejo Municipal Code 7.91.030 (trespass), Defendants LIDDICOET and MCCARTHY

12  could have arrested her at that time, but did not.  Instead,  Plaintiff LATEACHEEAH SALVATTO

13  was merely escorted out of the lobby.  No weapon was brandished, no baton or pepper spray employed,

14  no "holds" were used to escort her out.  The force used to achieve escorting her out of the lobby was

15  minimal.  (Declaration of Defendant Liddicoet, ¶15-16, Declaration of Defendant McCarthy, ¶9-11).

16  There is no evidence the contact with Plaintiff's foot was achieved maliciously or with intent to injure.

17  Thus, the "kick," if it happened at all, was plainly inadvertent contact as part of escorting Plaintiff

18  LATEACHEEAH SALVATTO out of the lobby.  (Declaration of Defendant McCarthy, ¶9-11).

19  Therefore, Defendants submit that the force used was not excessive as a matter of law.

20       Moreover, despite Plaintiff's allegations that Defendants broke her foot, the evidence clearly

21  shows Plaintiff LATEACHEEAH SALVATTO received no discernable injury.  Indeed, the evidence

22  shows Dr. Aaron Meltzer, Plaintiff LATEACHEEAH SALVATTO's podiatrist, was responsible for

23  the injury, having medically fractured her foot, which had not healed as of January 5, 2003, for which

24  surgery was already contemplated.   (UMF).   Therefore, even if Plaintiff LATEACHEEAH

25  SALVATTO received any injury, such was de minimis.  Such de minimis injury does not equate to

26  a Fourth Amendment violation.  <u>Mellott</u>, supra; <u>Homan</u>, supra.  Therefore, Defendants are entitled to

27  summary judgment and/or summary adjudication, and the Fourth Amendment claim of Plaintiff

28  LATEACHEEAH SALVATTO should be dismissed.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**B.    Defendants were not the legal cause of Plaintiff LATEACHEEAH SALVATTO's claimed injuries**

Despite the allegations that Defendants caused LATEACHEEAH SALVATTO to receive a broken foot, the undisputed evidence shows Dr. Aaron Meltzer, Plaintiff LATEACHEEAH SALVATTO's podiatrist, was responsible for her broken foot, having medically performed a fracture. (UMF 73-76).  This fracture had not healed as of January 5, 2003, and surgery had not only been already contemplated, but also had been pre-ordered prior to the incident.  (Id).  Based thereon, Defendants are not the legal cause of Plaintiff's injuries.  Accordingly, Defendants are entitled to summary judgment/adjudication of her claims for violation of the Fourth Amendment.

**C.    Plaintiff LATEACHEEAH SALVATTO's Arrest did not violated the Fourth Amendment**

While not abundantly clear, the First Cause of Action also appears to assert that Defendants arrested Plaintiff LATEACHEEAH SALVATTO in violation of the Fourth Amendment pursuant to 42 U.S.C. Section 1983.  (Complaint ¶¶ 39-49).  As there is no dispute the individual officers were acting under color of state law, the question turns again on whether the arrest is supported by probable cause to believe that Plaintiff LATEACHEEAH SALVATTO had committed a crime.  Atwater, 532 U.S. at 354; Buckner, 179 F.3d at 837.

In the Ninth Circuit, "an arrest will be upheld if probable cause exists to support arrest for an offense that is not denominated as the reason for the arrest by the arresting officer." Bingham v. City of Manhattan Beach, 341 F.3d 939, 952 (9th Cir. 2002).  This means that probable cause need only exist as to any offense that could be charged under the circumstances.  Id.

While a person may verbally challenge or criticize a police officer, one may not conduct him or herself in a disorderly manner, delay or willfully disobey a lawful order.  Cal. Penal Code sections 69, 148; People v. Quiroga 16 Cal. App. 4th 961, 968 (1993); People v. Green, 51 Cal. App. 4th 1433 (1997).  Likewise, it is against California law to interfere with the operations of a public agency.  Cal. Penal Code § 602.1(b).  It is also against California law to trespass after being requested to leave by a peace officer.  Cal. Penal Code 602(o). Additionally, a municipal trespass ordinance may provide the basis for probable cause.  See e.g. In re Cox, 3 Cal. 3d 205 (1970) (trespass law not

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD

13

preempted by State laws).  In that regard, City of Vallejo Municipal Code 7.91.030 provides that "[n]o person may remain on or reenter or come upon any public parking lot or facility... after being asked to leave by a peace officer."

Here, over the course of the evening, Plaintiff LATEACHEEAH SALVATTO called one dispatcher sixteen times and another five or six times (Declaration of Barden, ¶4, Declaration of Raymos, ¶4).  Despite being seen, her complaint addressed, and the citizen complaint procedures explained to her, Plaintiff LATEACHEEAH SALVATTO was not satisfied, and demanded to file a criminal report, for which, in the opinion of Lt. Liddicoet who witnessed the event, probable cause did not exist. (UMF 25-51).  Additionally, Plaintiff LATEACHEEAH SALVATTO insisted on immediate attention on a Sunday, when she could have returned during normal hours when the public lobby was open.   These actions alone constituted probable cause to believe Plaintiff LATEACHEEAH SALVATTO was disrupting the peace and/or department functions through her constant calling, insistence upon seeing the officers, insistence on filing a police report where none was warranted.

Moreover, Plaintiff LATEACHEEAH SALVATTO would not leave the premises, after being asked, then ordered to do so by three separate officers.  (UMF 33-35, 52, 59).  On this additional basis, probable cause existed to believe Plaintiff was trespassing, and had willfully disobeyed a lawful order to cease disturbing dispatch, and/or to leave the premises.  (UMF 25-59)

Therefore, the conduct of Plaintiff LATEACHEEAH SALVATTO clearly provided probable cause for Defendants to believe she had violated Penal Code 602(o) (trespass), 602.1(b) (interfering with a public agency),  69 (obstruction), 148 (willful disobedience), and City of Vallejo Municipal Code 7.91.030 (trespass).   Accordingly, Defendants had probable cause to suspect Plaintiff LATEACHEEAH SALVATTO of committing various crimes.  Therefore, her arrest did not violate the Fourth Amendment, and Defendants' Motion for Summary Judgment/Adjudication should be granted.

**D.     The Impound of Plaintiff LATEACHEEAH SALVATTO's vehicle does not violate the Fourth Amendment.**

In order to comport with the Fourth Amendment prohibition against unreasonable seizures, an impoundment must be reasonable under all the circumstances known to the police when the decision

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1  to impound was made.  <u>South Dakota v. Opperman</u>, 428 U.S. 364 (U.S. 1976).  For example, an

2  impound of a vehicle does not violate the Fourth Amendment.  See <u>Colorado v. Bertine</u>, 479 U.S. 367,

3  376 (1987).  Moreover, defendants have "no Fourth Amendment obligation to offer the driver an

4  opportunity to avoid impoundment."  <u>United States v. Penn</u>, 233 F.3d 1111, 1116 (9th Cir. 2000).[6]

5  The fact that there may be less intrusive means of protecting a vehicle and its contents does not render

6  the decision to impound unreasonable.  <u>Bertine</u>, supra, 479 U.S. at 374-375; <u>People v. Steeley</u>, 210

7  Cal. App. 3d 887, 892 (1989).

8  　　　Here, the impound of Plaintiff's vehicle was reasonable under the Fourth Amendment:  its sole

9  driver had just been arrested.  California Vehicle Code Section 22651(h) states "[w]hen an officer

10 arrests any person driving or in control of a vehicle for an alleged offense and the officer is, by this

11 code or other law, required or permitted to take, and does take, the person into custody," the officer

12 may impound the vehicle.  Clearly, the reasoning behind such discretion is that the vehicle may

13 otherwise be unattended.  Here, because Plaintiff had been arrested and taken into custody, it was

14 reasonable for  Defendant CLARK to impound the vehicle under the Fourth Amendment.

15

16 **VII**

17 **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/SUMMARY**
   **ADJUDICATION AS TO THE CAUSES OF ACTION ASSERTED BY PLAINTIFFS FOR**
18 **ALLEGED VIOLATION OF THE FOURTEENTH AMENDMENT PURSUANT TO 42**
   **U.S.C. §1983**
19

20 **A.　　Plaintiffs fail to show Defendants actions were intentionally discriminatory**

21 　　　Also included in their First and Fourth Causes of action, Plaintiffs LATEACHEEAH

22 SALVATTO and JAMAL THROWER allege that they have "the right to meet with the defendant

23 police officers" and that Defendants have a legal duty to "investigate crimes and to administer and

24 apply the law to all citizens on an equal basis." (Complaint, ¶¶  44, 45).  Presumably, Plaintiffs are

25

26 _____

27 　　　[6] See also <u>Rose v. Loos</u>, 130 Fed. Appx. 78, 79 (9th Cir. 2005) (impound did not violate the
   Fourth Amendment simply because officers did not allow other occupants to legally drive vehicle
28 away), and  <u>Al-Furqan v. City of San Leandro</u>, 1996 U.S. Dist. LEXIS 5635 (N.D. CA. 1996) (tow
   concomitant to arrest does not violate Fourth Amendment).

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

attempting to assert a claim of a violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

The Equal Protection Clause provides, in part, that "no State shall...deny to any person within its jurisdiction the equal protection of its laws." U.S. Const. amend. XIV, § 1.  The central purpose of this constitutional guarantee is the prevention of official conduct discriminating on the basis of race. Washington v. Davis, 426 U.S. 229, 239 (1976).  In order to bring such a claim, the plaintiff must first allege that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Sioux City Bridge Co. v. Dakota County, Neb., 260 U.S. 441, 565 (1923).  Additionally, in order to prevail at trial for a claim of equal protection violation, the plaintiff in a § 1983 claim "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991).  Even so, a defendant may nonetheless show a legitimate, non-discriminatory reason for his actions, upon which the burden shifts to plaintiff to show such non-discriminatory reason is mere pre-text. See, e.g. Id. at 470-473.   Regardless, the Ninth Circuit has held that an inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985).

Here, Defendants note Plaintiffs have failed to make any allegations regarding racial animus surrounding the conduct of Defendants on or around January 5, 2003, save the bare minimum conclusions that deprivation of the laws of equal protection occurred.  Accordingly, Plaintiffs cannot prevail on summary judgment for failure to allege that race formed the basis of any of the conduct complained of in the Complaint of Plaintiffs.  Therefore, summary judgment is proper.

Regardless, Defendants are unaware of any such Constitutional rights "to meet with the defendant police officers" as asserted by Plaintiff in their Complaint.  Likewise, Defendants are unaware of any Constitutional right to have a criminal complaint investigated.  Instead, officers may not solely rely on the claim of a citizen witness that he/she was a victim of a crime, but must independently investigate the basis of such. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912 (9th Cir. 2001) 925 (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1444 (9th Cir. 1991)). A

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT
00392400.WPD
16

1  sufficient basis of knowledge is established if the victim provides "facts sufficiently detailed to cause

2  a reasonable person to believe a crime had been committed and the named suspect was the

3  perpetrator."  Fuller, 950 F.2d at 1444 (quoting People v. Ramey, 16 Cal. 3d 263 (1976)).  Here,

4  Lt. Liddicoet was a witness to the alleged assault, and did not believe probable cause existed that

5  Officer McCarthy had assaulted Plaintiff.  This alleged failure to take the report, i.e. investigate the

6  alleged crime, cannot serve as a basis for a violation of Equal Protection Clause of the Fourteenth

7  Amendment pursuant to 42 U.S.C. § 1983. See Gomez, supra, 757 F.2d at  1006.

8      Additionally, Plaintiffs have evinced no evidence that defendants acted in a discriminatory

9  manner and that the discrimination was intentional.  Specifically, Plaintiffs have not taken any

10  discovery in any form to show that any of the alleged conduct, the arrest and subsequent detention of

11  Plaintiff JAMAL THROWER, the physical escort of Plaintiff  LATEACHEEAH SALVATTO, her

12  later arrest, and the impound of her vehicle, was conducted in a discriminatory manner and that the

13  discrimination was intentional.  Moreover, Defendants have submitted evidence showing non-

14  discriminatory reasons, i.e. that Plaintiffs were believed to have committed crimes, and that the

15  conduct was lawful, as more fully argued above.  Therefore, there is no evidence that the

16  application/execution of the detention and/or arrests were made for discriminatory purposes, and

17  Defendants are entitled to summary judgment/adjudication.

18  **B.    Plaintiffs cannot prove a violation of Equal Protection for alleged denial of Access to a
        Government Building to Address Their Grievances**

19

20      Plaintiffs also attempt to state a claim for denial of access to the Police Stations as a violation

21  of the Equal Protection Clause of the Fourteenth Amendment.  Defendants are unaware of any

22  authority which supports such a claim.  Therefore, summary judgment/adjudication is proper.

23      Additionally, the Complaint fails to assert any allegations that Plaintiffs were treated differently

24  from others in the same situation - only that they did not like the treatment that they received in being

25  removed from VPD premises.  On this additional basis, summary judgment/adjudication is proper.

26      Finally, Plaintiffs have evinced no evidence that defendants allowed other similarly situated

27  persons access to the lobby of the VPD during non-business hours, i.e. on a Sunday, such that they

28  were being treated differently from all others.  To the contrary, Plaintiffs were indeed permitted to

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

enter the government property to address their grievances, only they were not satisfied with the response. (UMF). Further, just like every other citizen in an identical situation, Plaintiff Salvatto was given a VPD Complaint Form as a means to express her grievances in accordance with VPD procedure, which she rejected. Therefore, on this additional basis, Defendants are entitled to summary judgment/adjudication.

**VIII.**

**INDIVIDUAL OFFICER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE CLAIMS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**

**A.     Applicable Legal Standard**

Whenever a suit against a peace officer is based on the alleged violation of a constitutional right that has not been clearly established, the qualified immunity defense is available. Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982). Prompt dismissal of such actions protects officers from unnecessary litigation and accords with the Supreme Court's wise "policy of avoiding the unnecessary adjudication of constitutional questions." Lewis, 523 U.S. at 859 (STEVENS, J., concurring in judgment).

In Saucier v. Katz, 533 U.S. 194, 201-02, 205 (2001) the Supreme Court set forth that claims of qualified immunity should be evaluated in the following manner: the threshold question is whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation. Id. at 201; Hope v. Pelzer, 536 U.S. 730, 736, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002). As to claims under the Fourth Amendment, the inquiry is whether the alleged use of excessive force was objectively reasonable. Graham, 490 U.S. at 397; Salim, 93 F.3d at 91. As to claims under the Fourteenth Amendment, the inquiry is whether the conduct shocks the conscience. Lewis, supra.

If the plaintiff fails to establish a constitutional violation, the qualified immunity inquiry ends and the plaintiff may not recover. Saucier, 533 U.S. at 201. If, however, a constitutional violation can be shown, the court must then determine whether the constitutional right was clearly established at the time of the constitutional violation. Id. This inquiry focuses on whether the law is sufficiently clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id. at 202; Brosseau v. Haugen, 125 S. Ct. 596, 599 (2004). Resolution of this inquiry is purely legal in that it

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT
00392400.WPD
18

depends upon whether the law put the officer on notice that his conduct would be clearly unlawful. <u>Saucier</u>, 533 U.S. at 202.; <u>Stephenson</u>, 332 F.3d at 80-81 ("the ultimate legal determination of whether qualified immunity attaches to a law enforcement agent's actions is 'a question of law better left for the court to decide.'") (quoting <u>Warren v. Dwyer</u>, 906 F.2d 70, 76 (2d Cir. 1990)). "[R]easonable mistakes can be made as to the legal constraints on particular police conduct." <u>Saucier</u>, 533 U.S. at 205. "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected from suit. <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

The Supreme Court recently stressed the importance of granting qualified immunity where law is not clearly established based on the specific context of the case at bar. <u>Brosseau</u>, 125 S. Ct. at 599. In <u>Haugen</u>, the officer, who considered persons in the area at risk, shot a disturbed felon who was set on avoiding capture through vehicular flight. <u>Id.</u> at 600. The Supreme Court, assuming the lower courts were correct in finding a Fourth Amendment violation, reviewed prior case law, and found that given each case's particular factual context, it could not be said that the law was "clearly established" that the officer's conduct in the case at bar was a clear violation of the Fourth Amendment. <u>Id.</u> Instead, the Court found that the case law merely suggested the officer's action fell in the "hazy border between excessive and acceptable force." <u>Id</u>. citing <u>Saucier</u>, 533 U.S. at 206. Accordingly, the officer was entitled to qualified immunity. <u>Id.</u>

**B.     Applying the legal standard, the individual Officer Defendants are entitled to qualified immunity because there is no constitutional violation and/or the law was not clearly established**

Initially, Defendants submit that no constitutional violations under the Fourth or Fourteenth Amendments occurred. As such, the inquiry ends here and the individual Officer Defendants are entitled to qualified immunity to the federal claims asserted under the Fourth and Fourteenth Amendments.

Assuming *arguendo,* the court finds evidence in the light most favorable to Plaintiffs is sufficient to establish a constitutional violation under either the Fourth or Fourteenth Amendments, the individual Officer Defendants assert that Plaintiffs cannot show the law was clearly established under either the Fourth or Fourteenth Amendments, and are thus entitled to qualified immunity. This "clearly established law" test requires more than an alleged "violation of extremely abstract rights."

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORP.
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD                                                      19

1   Anderson v. Creighton, 483 U.S. 635, 639 (1987).   Rather, "the contours of the right must be

2   sufficiently clear that a reasonable official would understand that what he is doing violates that right."

3   Id. at 640.   In other words, "in the light of preexisting law the unlawfulness must be apparent."   Id.;

4   Haugen, 125 S. Ct. at 599.

5        Furthermore, in Saucier, the Supreme Court emphasized the broad discretion that must be

6   afforded to police officers who face tense situations, and the importance of granting immunity, even

7   when officers make mistakes, and the need for "deference to the judgment of reasonable officers on

8   the scene."   Saucier, *supra,* 121 S. Ct. at 2158.

9        An officer might correctly perceive all of the relevant facts but have a mistaken
        understanding as to whether a particular amount of force is legal in those
10       circumstances.   If the officer's mistake as to what the law requires is reasonable,
        however, the officer is entitled to the immunity defense.

11

12   Id.   The Supreme Court also pointed out that the converse is also true:

13       Officers can have reasonable, but mistaken, beliefs as to the facts establishing the
        existence of probable cause or exigent circumstances, for example, and in those
14       situations, courts will not hold that they have violated the Constitution.

15   Id.   The Saucier court repeatedly referred to the analysis in Anderson, reiterating that the right

16   allegedly violated must be defined at the appropriate level of factual specificity before a court can

17   determine if it was clearly established.

18        Finally, should this court note case authority that suggests federal law is inconsistent or

19   presents a split of authority, then the individual Officer Defendants are still entitled to qualified

20   immunity.   See Robinson v. Solano County, 278 F3. 1007, 1015-1016 (9th Cir. 2002).   In Robinson,

21   the Ninth Circuit concluded that, although there may have been an underlying violation of the Fourth

22   Amendment, because there was a split of authority over whether the conduct of pointing a gun at an

23   unarmed suspect constituted a Fourth Amendment violation, the officers were entitled to qualified

24   immunity.   Here, should authority reveal inconsistent or split of authority on whether an officer faced

25   with similar facts as here, then the officer is entitled to qualified immunity.

26        Defendants submit that the law does not clearly establish that an officer who observes a

27   violation of the traffic laws, and detains a minor for those violations and failure to present any

28   identification, violates the Fourth Amendment.   Based thereon, Defendant WHITNEY is entitled to

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD                                                    20

qualified immunity.

Defendants also submit that the law does not clearly establish that an officer who encounters a person who repeatedly disturbs dispatch, fails or refuses to leave the premises, may not physically escort the person outside the building without violating the Fourth or Fourteenth Amendments.  On this basis, Defendants LIDDICOET and MCCARTHY are entitled to qualified immunity.  Moreover, because of the overwhelming authority regarding reasonable "kicks" during the exercise of the normal course of duties, Defendant MCCARTHY is entitled to qualified immunity on the excessive force claim.  See <u>Mellott</u>, supra, 161 F.3d at 123 ; <u>Dixon</u>, supra, 922 F.2d at 1462; <u>Gross</u>, supra, 245 F.3d at 1158.

Additionally, the law does not clearly establish that an officer violates the Fourth Amendment by arresting that person when he reasonably believes a person has repeatedly disturbed dispatch, failed or refused to leave the premises such that the person violated numerous laws including trespass and interfering with a public agency.  On this basis Defendants SCHROEDER and CLARK are entitled to qualified immunity.

Lastly, Defendant CLARK is entitled to qualified immunity for the impound of Plaintiff's vehicle pursuant to California Vehicle Code Section 22651(h), because the law does not clearly establish that an officer violates the Fourth Amendment when impounding a vehicle concomitant to the arrest of the driver, even when the driver is not arrested for a traffic violation.  To the contrary, given the law stating an officer is not required to provide alternative means to a tow, the law establishes Defendant CLARK did not have to leave the car parked in front of the police station, or wait for Plaintiff's husband to retrieve the car.  Therefore, Defendant CLARK is entitled to qualified immunity.

Therefore, the individual Officer Defendants are entitled to qualified immunity as to any alleged violation of the Fourth or Fourteenth Amendments because the law was not clearly established that the officer's conduct constituted a violation of those rights.  Therefore, the individual Officer Defendants are thus entitled to summary judgment/adjudication as to all of the claims asserted under 42 U.S.C. §1983.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD

21

## IX.

## DEFENDANTS CITY OF VALLEJO AND VALLEJO POLICE DEPARTMENT ARE ENTITLED TO SUMMARY JUDGMENT

Plaintiffs name Defendants CITY OF VALLEJO and VALLEJO POLICE DEPARTMENT in the caption, but assert no Federal claims against them in the Complaint. Defendants believe the Complaint fails to even state a bare allegation the conduct of the individual Defendants were the result of any custom, policy or practice as part of their federal claims. Therefore, on this basis, dismissal of the CITY OF VALLEJO is proper.

Assuming, *arguendo*, the Court reads the Complaint to include such allegations, Defendants assert summary judgment is nonetheless appropriate as to the CITY OF VALLEJO. A municipality is subject to liability for damages under 42 U.S.C. § 1983 for the unconstitutional acts of its employees, when those acts may fairly be said to represent official policy. Monell v. Department of Social Servs., 436 U.S. 658, 695, 56 L. Ed. 2d 611 (1978). Municipal liability under 42 U.S.C. §1983 can only be established where plaintiff shows that (1) he was deprived of his constitutional rights; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 389-91 (1989); *see* Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (*quoting* Canton and analyzing Monell liability). The Canton standards are applicable to training (Canton, *supra*), supervision and hiring (Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989)), and monitoring (Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996)). An isolated incident is not sufficient to establish a custom or policy. *See* City of Oklahoma City v. Tuttle, 471 U.S. 808, 820-21 (1985).

Further, the determination of a constitutional violation by a government employee is required before the governmental entity can be held liable under Monell. Heller, 475 U.S. at 799 ("neither [Monell] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when...the officer inflicted no constitutional harm") (internal citations omitted); Scott, 39 F.3d at 916. If the employee is not liable for a constitutional violation, there is no basis for municipal liability. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD

22

1    Here, as set forth above, Plaintiffs have failed to establish a violation of an underlying

2 constitutional right.  Therefore, Plaintiffs have failed to establish any claim for <u>Monell</u> type liability

3 against the CITY OF VALLEJO.  Assuming *arguendo* a constitutional violation exists, Plaintiffs have

4 failed to adduce any evidence that the CITY OF VALLEJO engaged in a custom or policy of

5 systematic violations of civil rights, as opposed to an alleged solitary incident.  Additionally, Plaintiffs

6 have no evidence and cannot present any support for their contention that any such policy was the

7 moving force behind any constitutional violation.  Thus, any claim of Plaintiffs for municipal liability

8 arising from any policy or any alleged failure to adopt a policy, or failure to adequately hire, train, or

9 supervise the individual Officer Defendants should fail as a matter of law.  For all of the reasons set

10 forth above, Plaintiffs have failed to establish a claim under <u>Monell</u>, and summary judgment and/or

11 summary adjudication in favor of the CITY OF VALLEJO for alleged violations of federal civil rights

12 is proper.

13                                              **X.**

14 <u>**ASSUMING ALL FEDERAL CAUSES OF ACTION ARE DISMISSED, THIS COURT**</u>
   <u>**SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION**</u>
15

16    Assuming *arguendo* this court grants summary judgment to all of Plaintiffs' federal claims,

17 Defendants request that the court exercise its discretion and dismiss the remaining state claim for lack

18 of jurisdiction.  District Courts may decline to exercise supplemental jurisdiction where "the district

19 court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §1367(c).  When all

20 federal claims are eliminated before trial, courts have routinely declined to retain jurisdiction only over

21 complex questions of state law.  See <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7, 98 L.

22 Ed. 2d 720, 108 S. Ct. 614 (1988); <u>Acri v. Varian Assocs.</u>, 114 F.3d 999, 1000-1001 (9th Cir. 1997)

23 (en banc); 28 U.S.C. § 1367(c) (declining to *sua sponte* exercise jurisdiction given the factors

24 enumerated in § 1367(c) and the interests of "economy, convenience, fairness, and comity").  Thus,

25 if Plaintiffs' claims under 42 U.S.C. §1983 are dismissed, Defendants respectfully submit that the

26 Court should decline to exercise jurisdiction over Defendants based upon pendant party or

27 supplemental jurisdiction.

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

# XI.

## PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO STATE LAW

**A.    Any state-based claims of Plaintiffs are barred for failure to adhere to the Government Tort Claims Act**

Assuming the Court determines that the retention of jurisdiction over the state-based claims is appropriate, Defendants submit the state-based cause of action are nonetheless barred for failure to adhere to the requirements of the California Government Tort Claims Act.  Ca. Gov. Code §§810 et seq. and 900 *et seq.*

Pursuant to Government Code Sections 905, 950.2 and <u>Romano v. Rockwell Intl. Inc.</u>, 14 Cal.4th 479 (1996).  Plaintiffs were required to file a government tort claim naming all Defendants. Pursuant to Government Code Section 911.2, the Government Tort claim should have been filed no later than six months after the accrual of Plaintiffs' causes of action.  Pursuant to Government Code Section 945.4, no suit for money or damages may be brought against a public entity unless the Plaintiff has complied with the aforementioned Government Code sections.

First, Defendants note Plaintiffs do not allege a tort claim arising out of any of the allegations as contained in the Complaint was actually filed.  Second, it appears that no Government Tort Claim has been or ever was filed on behalf of Plaintiffs.   (See Declaration of John R. Whitefleet.)  Lastly, Plaintiffs produced no tort claim in response to discovery.  (See Declaration of John R. Whitefleet.) Thus, any state law claims now asserted are precluded for Plaintiffs' failure to file a Government Tort Claim.  On this basis, Defendants' motion should be granted, and all state-based claims should be dismissed.

**B.    Defendants Are Immune under State Law**

To the extent any state-based claims exist, Defendants are immune from liability for their conduct based on several statutes.  California Government Code section 820.2 provides immunity to peace officers for their discretionary acts in arrest situations.  <u>Price v. County of San Diego</u>, 990 F. Supp. 1230, 1244 (S.D. Cal 1998) (holding that § 820.2 provided immunity to officers who did not use excessive force in restraining plaintiff during arrest).  It does not confer immunity, however, if an

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

1  officer uses unreasonable force.  Id. citing Scruggs v. Haynes, 252 Cal. App. 2d 256, 266 (1967).

2  Thus, to the extent Plaintiffs attempt to base their claim on any conduct not amounting to unreasonable

3  force, Defendants are immune under 820.2.

4       Moreover, California Government Code § 820.4 provides, in pertinent part, that a "public

5  employee is not liable for his act or omission, exercising due care, in the execution or enforcement of

6  any law."  California Government Code § 821.6 provides: "a public employee is not liable for injury

7  caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of

8  his employment, even if he acts maliciously and without probable cause." These employee immunities

9  inure to the benefit of the employing public entity.  California Government Code section 815.2(b).

10  **C.    Where a public officer is immune, so is the municipality.**

11       A public entity is not liable for an injury resulting from the conduct of an employee of the

12  public entity where the public employee is immune from liability. California Civil Code section

13  815.2(b).  Thus, where the court finds the individual Defendants are immune from liability under state

14  law, that immunity extends to the City of Vallejo.

15                                **XII.**

16                           **CONCLUSION**

17       Defendants respectfully submit that the undisputed facts demonstrate that summary judgment

18  as to each and every claim for relief in the Complaint of Plaintiffs is appropriate.  In the alternative,

19  Defendants request summary adjudication of each claim for relief.

20                                Respectfully submitted,

21

22  Dated: October 28, 2005          PORTER, SCOTT, WEIBERG & DELEHANT
                                     A Professional Corporation

23

24                                   /s/ John R. Whitefleet
                                     Terence J. Cassidy
25                                   John R. Whitefleet
                                     Attorneys for Defendants
26                                   CITY OF VALLEJO, THOMAS LIDDICOET,
                                     KEVIN MCCARTHY, KELLY SCHROEDER,
27                                   WILLIAM CLARK and JOHN WHITNEY

LAW OFFICES OF
**PORTER, SCOTT,**  28
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM IN SUPPORT

00392400.WPD                          25