UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LATEACHEEAH G. ANDERSON SALVATTO, and RICHARD SALVATTO, individually and as guardians for JAMAL THROWER, a minor,

      Plaintiffs,

  v.

COUNTY OF SOLANO, CITY OF VALLEJO, COUNTY OF SOLANO SHERIFF'S DEPARTMENT, LIEUTENANT LIDDICOET, OFFICER K. MCCARTHY, VALLEJO POLICE DEPARTMENT, WATCH COMMANDER K. SCHROEDER, CORPORAL B. CLARK, OFFICER WHITNEY,

      Defendants.

NO. CIV. S-04-0163 WBS GGH

MEMORANDUM AND ORDER RE: MOTION FOR SANCTIONS

----oo0oo----

Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983, as well as supplemental state law causes of action, alleging several incidents of improper police conduct. Defendants now move for sanctions in the form of striking plaintiffs' disclosure of a rebuttal expert witness, as well as precluding any and all testimony that expert will provide.

1

On March 20, 2006, this court entered a Status (Pretrial Scheduling) Order, which required the parties to disclose expert witnesses and produce reports in accordance with Federal Rule of Civil Procedure 26 no later than October 20, 2006. The order also stated that "with regard to expert testimony intended solely for rebuttal," those disclosures and reports were to be filed no later than November 10, 2006.

On October 20, 2006, defendants disclosed their expert witness with an accompanying report, but plaintiffs did not. On November 10, 2006, the date rebuttal expert disclosures and reports were due, plaintiffs contacted defendants and requested an extension of the deadline. Defendants stipulated to extend the deadline until November 22, 2006, but only for the expert report. Later that day plaintiffs disclosed David A. Dusenbury and Associates as a rebuttal expert witness, indicating that Mr. Dusenbury would testify "regarding police practices, including the use of force, and the reasonableness of the arrest and detention, as well as police training practices procedures surrounding the detention and arrest of Plaintiff Lateacheeah Salvatto." (Pls.'s Disclosure of Rebuttal Expert Witness 2.) On November 22, 2006, plaintiffs emailed the expert report to defendants.[1]

---

[1] Defendants note that plaintiffs emailed the report at 12:37pm, thirty-seven minutes later than the agreed upon time of noon. Plaintiffs' email accompanying the report indicates that counsel experienced technical problems in printing the report, and was therefore delayed and forced to resort to email as a means of transmission. (Whitefleet Decl. Ex. D.) The court sees no reason to sanction plaintiffs merely for such a minor delay, as it is highly unlikely that any prejudice resulted. See e.g. Jones v. Tozzi, 2006 WL 355175, *4 (E.D.Cal. Feb. 15, 2006)

2

1    Defendants now bring a motion for sanctions pursuant to
Federal Rule of Civil Procedure 37 and Local Rule 37-251(e)(2),
arguing that the testimony of plaintiffs' expert goes beyond mere
rebuttal evidence, but instead to plaintiffs' prima facie case.

Rule 26 provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). "These disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) provides that a party who fails to disclose information as required by Federal Rule of Civil Procedure 26, unless such failure is harmless, is not "permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); see <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

If indeed the testimony and report by Mr. Dusenbury that plaintiffs' wish to offer are in violation of this court's pretrial scheduling order, than sanctioning plaintiffs by precluding this evidence might be appropriate. At this point, however, prior to trial, the court cannot necessarily say that the proposed evidence is improper. Other than the brief one-sentence description contained in the initial disclosures, the court cannot presume to know the substance of Mr. Dusenbury's testimony or his report.

---

(citing <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985)) (overlooking a two hour filing delay in order to address the merits).

Once this evidence is offered by plaintiffs at trial, the court will be in a much better position to assess Mr. Dusenbury's testimony and report, and determine whether or not it is truly "rebuttal." Additionally, at that point the court will be more able to balance any potential prejudice to defendants, if the evidence is admitted, against any prejudice to plaintiffs, if the evidence is excluded.

It is well established that the issuance of sanctions under Rule 37 falls within the broad discretion of the district court. Yeti, 259 F.3d at 1106 ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."); see also United States v. Batts, 573 F.2d 599, 610 (9th Cir. 1978) (citing United States v. Perez, 491 F.2d 167 (9th Cir. 1974) cert. denied, 419 U.S. 858 (1974)) ("The admissibility of rebuttal evidence is subject to the sound discretion of the trial court."). Therefore, for the foregoing reasons, the court will defer ruling on defendants' motion for sanctions. If the court determines at trial that the testimony is not simply rebuttal but expert opinion which should have been disclosed earlier, the court may impose such sanctions as appropriate under Fed. R. Civ. P. 37()(c) ("In addition to or in lieu of [precluding evidence], the court . . . may impose other appropriate sanctions.").

///
///
///
///
///

4

IT IS THEREFORE ORDERED that defendants' motion for sanctions be, and the same hereby is, DENIED, without prejudice to its being raised at the time of trial if and when the testimony of Mr. Dusenbury is offered.

DATED:  January 9, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE