1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11   LATEACHEEAH G. ANDERSON
     SALVATTO, and RICHARD
12   SALVATTO, individually and as
     guardians for JAMAL THROWER, a
13   minor,
                                        NO. CIV. S-04-0163 WBS GGH
14            Plaintiffs,

15        v.                            MEMORANDUM AND ORDER RE:
                                        MOTION FOR RECONSIDERATION;
16                                      MOTION FOR A NEW TRIAL

17   COUNTY OF SOLANO, CITY OF
     VALLEJO, COUNTY OF SOLANO
18   SHERIFF'S DEPARTMENT,
     LIEUTENANT LIDDICOET, OFFICER
19   K. MCCARTHY, VALLEJO POLICE
     DEPARTMENT, WATCH COMMANDER K.
20   SCHROEDER, CORPORAL B. CLARK,
     OFFICER WHITNEY,
21
              Defendants.
22

23                            ----oo0oo----

24            On March 26, 2007, this court granted defendants'

25   motion for summary judgment with respect to plaintiffs' first and

26   fourth causes of action.  (March 26, 2007 Order 19.)  The court

27   also dismissed plaintiffs' state law claims, pursuant to 28

28   U.S.C. § 1367(c)(3), and accordingly ordered that this action be

                                    1

1  dismissed.  (Id.)  On April 26, 2007, plaintiffs, acting through

2  their attorney, Jeffrey Fletcher, filed Notice of Appeal.  On

3  April 30, 2007, judgment was entered on this court's order of

4  dismissal.

5        On April 23, 2007, plaintiffs Lateacheeah Anderson

6  Salvatto, acting in propria persona, filed a motion new trial,

7  and on May 8, 2007 she filed a motion for reconsideration of this

8  court's order granting summary judgment.  Because the court lacks

9  jurisdiction to hear these motions, they are denied.

10        First, because plaintiff is still represented by

11  counsel, who in fact filed Notice of Appeal after plaintiff filed

12  her pro se motion for new trial, she may not simultaneously

13  appear in propria persona.

14        Second, "filing of a notice of appeal confers

15  jurisdiction on the court of appeals and divests the district

16  court of control over those aspects of the case involved in the

17  appeal."  Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S.

18  373, 379 (1985) (citing Griggs v. Provident Consumer Disc. Co.,

19  459 U.S. 56, 58 (1982) (per curiam)); see also Williams v.

20  Woodford, 384 F.3d 567, 586 (9th Cir. 2002) (citing Carriger v.

21  Lewis, 971 F.2d 329, 332 (9th Cir. 1992); Gould v. Mutual Life

22  Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986)); see also Long v.

23  Bureau of Econ. Analysis, 646 F.2d 1310, 1318 (9th Cir. 1981),

24  vacated on other grounds, 454 U.S. 934 (1981) ("In this circuit,

25  the rule has generally been stated that the filing of a notice of

26  appeal divests the district court of jurisdiction to dispose of

27  the motion after an appeal has been taken, without a remand from

28  this court.")

2

1    Third, to seek relief from a district court order

2  during the pendency of an appeal, "'the proper procedure is to

3  ask the district court whether it wishes to entertain the motion,

4  or to grant it, and then move [the court of appeal], if

5  appropriate, for remand of the case.'" Williams, 384 F.3d at 586

6  (quoting Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984)

7  (further citations omitted)).  Plaintiff's pending motions

8  concern reconsideration of this court's March 26, 2007, order,

9  which is the very aspect of the case that is currently pending

10  before the court of appeals, and plaintiff has not followed the

11  procedure laid out by the Ninth Circuit in Williams.

12    Fourth, even had plaintiff followed the correct

13  procedures, this court would not entertain her motions for

14  reconsideration or a new trial.  Plaintiff's moving papers

15  largely rehash the same unsuccessful arguments made against

16  defendants' motion for  summary judgment.  United States v.

17  Wetlands Water Dist. 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001)

18  (motions for reconsideration "should not merely present arguments

19  previously raised, or which could have been raised in the initial

20  summary judgment motion."). [1]

21    IT IS THEREFORE ORDERED that plaintiff's motions for

22  reconsideration and/or new trial to dismiss be, and the same

23  ///

24  ///

25  ────────────────────

26    [1]    Plaintiff also argues that defendant Officer John
  Whitney's declaration and exhibit were fabricated.  However,
  plaintiff does not demonstrate why she failed to present that
27  assertion during the summary judgment proceedings.  Moreover,
  plaintiff does not show that Whitney's statements are essential
28  to the court's findings in its summary judgment order.

3

1 | hereby are, DENIED, for lack of jurisdiction.

2 | DATED:   May 22, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4