UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LATEACHEEAH G. ANDERSON SALVATTO, and RICHARD SALVATTO, individually and as guardians for JAMAL THROWER, a minor,

       Plaintiffs,

  v.

COUNTY OF SOLANO, CITY OF VALLEJO, COUNTY OF SOLANO SHERIFF'S DEPARTMENT, LIEUTENANT LIDDICOET, OFFICER K. MCCARTHY, VALLEJO POLICE DEPARTMENT, WATCH COMMANDER K. SCHROEDER, CORPORAL B. CLARK, OFFICER WHITNEY,

       Defendants.

NO. CIV. S-04-0163 WBS GGH

ORDER RE: COSTS

----oo0oo----

       On April 30, 2007, the court entered a judgment in favor of the defendants pursuant to the court's order of March 26, 2007. Defendants City of Vallejo, Vallejo Police Department, and Officers Liddicoet, McCarthy, Schroeder, Clark, and Whitney submitted a cost bill totaling $5,655.66 on May 1, 2007.

       Rule 54(d)(1) of the Federal Rules of Civil Procedure

1

1  and Local Rule 54-292(f) govern the taxation of costs to losing
2  parties, which are generally subject to limits set under 28
3  U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);
4  Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall
5  be allowed as of course to the prevailing party unless the court
6  otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co.
7  v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable
8  costs to those enumerated in 28 U.S.C. § 1920).
9       The court exercises its discretion in determining
10 whether to allow certain costs.  Amarel v. Connell, 102 F.3d
11 1494, 1523 (9th Cir. 1997) (holding that the district court has
12 discretion to determine what constitutes a taxable cost within
13 the meaning of 28 U.S.C. § 1920); Alflex Corp. v. Underwriters
14 Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same).  The
15 losing party has the burden of overcoming the presumption in
16 favor of awarding costs to the prevailing party.  See Russian
17 River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136,
18 1144 (9th Cir. 1998) (noting that the presumption "may only be
19 overcome by pointing to some impropriety on the part of the
20 prevailing party"); Amarel, 102 F.3d at 1523; see also L.R. 54-
21 292(d) ("If no objection is filed, the Clerk shall proceed to tax
22 and enter costs.  If objections are filed, they should state
23 specific objections to claimed items with a statement of grounds
24 thereof.").
25       On May 8, 2007, plaintiffs filed a motion to stay the
26 issuance of court costs.  Plaintiffs have not stated any grounds
27 for their request to stay court costs aside from their
28 disagreement with the underlying judgment.  This court has

discretion to stay costs until after disposition of appeal.  See Am. Infra-Red Radiant Co. v. Lambert Indus., Inc., 41 F.R.D. 161 (D. Minn. 1966).  However, because there does not appear to be any merit to plaintiffs' appeal, the court declines to exercise that discretion.  Plaintiffs did not state specific objections to any claimed item of costs.

After reviewing the bill, and in light of the fact that plaintiffs have not objected to any specific items, the court finds all costs to be reasonable.  Accordingly, costs of **$5,655.66** will be allowed.

IT IS SO ORDERED.

DATED:  August 21, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE